The president, who delivered the opinion of the court, after stating the case, said, that the exception in the district court was very irregularly taken. A motion to the same judge for a new trial on his own misdirection to the jury, *370 and an exception to his refusal, instead of an exception to his original opinion, when given, was new and improper. But, since the whole is stated on the record, the court will pass over form, and look at the substance of the direction.
So far as relates to the necessity of the plaintiff’s proving an actual escape while the defendant was sheriff, the opinion of the district court is perfectly right; but the court think it incumbent on the sheriff to prove that there was no negligence on his part, and that due means were used to retake the prisoner, and in this respect the district court erred; but as the first part of the opinion will justify the direction, the court consider the residue as surplusage. The record does not prove the actual escape, nor does the residence of Smith long afterwards in Charleston, prove it.
Anderson is not a proper witness. His testimony goes to exonerate himself. At any rate he may not be (and in fact is not) the immediate successor of Macon; and therefore, although the said Smith was not turned over to him, he might have escaped, if he did escape, after the shrievalty of Macon, and before that of Anderson.
The fixing an escape on sheriffs by legal deductions, seems to be done away by our act of assembly, which declares that judgment shall not be rendered in such an action, unless the jury expressly find that such debtor or prisoner did escape with the consent, or through the negligence of such sheriff, or his officer; or that such prisoner might have been retaken, and that the sheriff and his officers neglected to make immediate pursuit.
To avoid any misunderstanding, the court directed this special entry:
“ The court is of opinion, that the direction of the judge at the trial, so far as it imported it to be incumbent on the plaintiff to prove the escape to have been with the consent, or through the negligence of the sheriff, was a mistake; since those circumstances, tending to excuse the sheriff, ought to be proved on his part; nevertheless, as the direction was right in requiring the appellant to prove an actual *371 escape from the appellee, or his deputy; and the proof, as to that, was wholly defective, that there is no substantial error in the verdict or judgment: Therefore it is considered that the judgment aforesaid be affirmed, and that the appellee recover, against the appellant, his costs, by him, about his defence in this behalf expended.”